**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| TODD E. JAMES,<br>Plaintiff,<br>v.<br>MICHAEL J. ASTRUE, Commissioner, Social Security Administration,<br>Defendant. | No. CV 10-0008 CW<br>DECISION AND ORDER |

The parties have consented, under 28 U.S.C. § 636(c), to the jurisdiction of the undersigned magistrate judge. Plaintiff seeks review of the denial of disability benefits. The court finds that judgment should be granted in favor of defendant, affirming the Commissioner’s decision.

**I. BACKGROUND**

Plaintiff Todd James was born on March 15, 1961, and was forty-eight years old at the time of his administrative hearing. [AR 20, 71.] He has at least a tenth grade education and no past relevant work experience. [AR 12, 27.] Plaintiff alleges disability on the basis of back pain and depression. [AR 34.]

**II. PROCEEDINGS IN THIS COURT**

Plaintiff's complaint was lodged on January 4, 2010, and filed on January 6, 2010. On July 20, 2010, Defendant filed an Answer and Plaintiff's Administrative Record ("AR"). On November 18, 2010, the parties filed their Joint Stipulation ("JS") identifying matters not in dispute, issues in dispute, the positions of the parties, and the relief sought by each party. This matter has been taken under submission without oral argument.

**III. PRIOR ADMINISTRATIVE PROCEEDINGS**

On February 5, 2008, Plaintiff applied for supplemental security income, alleging disability beginning on November 1, 2003. [AR 10.] After the claim was denied initially and on reconsideration, Plaintiff requested an administrative hearing. [Id.] A video hearing was held on April 2, 2009, before an Administrative Law Judge ("ALJ"). [Id.] Plaintiff was represented by counsel at the hearing, and testimony was taken from Plaintiff and vocational expert Alan E. Cummings, Ph.D. [Id.] The ALJ issued a decision denying benefits on May 12, 2009. [AR 16.] When the Appeals Council denied review on November 5, 2009, the ALJ's decision became the Commissioner's final decision. [AR 1.]

**IV. STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's (or ALJ's) findings and decision should be upheld if they are free of legal error and supported by substantial evidence. However, if the court determines that a finding is based on legal error or is not supported by substantial evidence in the record, the court may reject the finding and set aside the decision to deny benefits. See Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Tonapetyan v.

Halter, 242 F.3d 1144, 1147 (9th Cir. 2001); Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995)(per curiam).

"Substantial evidence is more than a scintilla, but less than a preponderance." Reddick, 157 F.3d at 720. It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." Id. To determine whether substantial evidence supports a finding, a court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Id. "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Reddick, 157 F.3d at 720-721; see also Osenbrock, 240 F.3d at 1162.

## V. DISCUSSION

### A. THE FIVE-STEP EVALUATION

To be eligible for disability benefits a claimant must demonstrate a medically determinable impairment which prevents the claimant from engaging in substantial gainful activity and which is expected to result in death or to last for a continuous period of at least twelve months. Tackett, 180 F.3d at 1098; Reddick, 157 F.3d at 721; 42 U.S.C. § 423(d)(1)(A).

Disability claims are evaluated using a five-step test:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or

combination of impairments meet or equal an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.

Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996); see also Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); Tackett, 180 F.3d at 1098-99; 20 C.F.R. § 404.1520, § 416.920. If a claimant is found "disabled" or "not disabled" at any step, there is no need to complete further steps. Tackett, 180 F.3d 1098; 20 C.F.R. § 404.1520.

Claimants have the burden of proof at steps one through four, subject to the presumption that Social Security hearings are non-adversarial, and to the Commissioner's affirmative duty to assist claimants in fully developing the record even if they are represented by counsel. Tackett, 180 F.3d at 1098 and n.3; Smolen, 80 F.3d at 1288. If this burden is met, a prima facie case of disability is made, and the burden shifts to the Commissioner (at step five) to prove that, considering residual functional capacity ("RFC")[1], age, education, and work experience, a claimant can perform other work which is available in significant numbers. Tackett, 180 F.3d at 1098,

---

[1] Residual functional capacity measures what a claimant can still do despite existing "exertional" (strength-related) and "nonexertional" limitations. Cooper v. Sullivan, 880 F.2d 1152, 1155 n.s. 5-6 (9th Cir. 1989). Nonexertional limitations limit ability to work without directly limiting strength, and include mental, sensory, postural, manipulative, and environmental limitations. Penny v. Sullivan, 2 F.3d 953, 958 (9th Cir. 1993); Cooper, 800 F.2d at 1155 n.7; 20 C.F.R. § 404.1569a(c). Pain may be either an exertional or a nonexertional limitation. Penny, 2 F.3d at 959; Perminter v. Heckler, 765 F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. § 404.1569a(c).

1100; Reddick, 157 F.3d at 721; 20 C.F.R. § 404.1520, § 416.920.

**B. THE ALJ'S EVALUATION IN PLAINTIFF'S CASE**

Here, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since his disability application date (step one); that Plaintiff had the following "severe" impairment: chronic low back pain (step two); and that Plaintiff did not have an impairment or combination of impairments that met or equaled a listing (step three). [AR 15.] The ALJ determined that based on Plaintiff's impairment, Plaintiff had the RFC to perform light work with occasional climbing, balancing, stooping, kneeling, crouching and crawling. [Id.] Plaintiff had no past relevant work (step four). [AR Id.] The vocational expert testified that a person with Plaintiff's RFC could perform work existing in significant numbers, such as a packager, assembler, inspector, sorter, order clerk, or inspector (step five). [AR 15-16.] Accordingly, Plaintiff was not found "disabled" as defined by the Social Security Act. [AR 16.]

**C. ISSUES IN DISPUTE**

The parties' Joint Stipulation identifies the following disputed issue: "Whether the ALJ properly considered the testimony of Todd James." [JS 3.]

**D. CREDIBILITY DETERMINATION**

**Background**

On April 6, 2007, Plaintiff was diagnosed with moderate degenerative change in the mid to lower cervical spine. [AR 279-280.] At the administrative hearing, Plaintiff testified that pain resulting from his back condition was "constant" and "excruciating," and that he is only able to find relief from such pain when he lays down. [AR 21.] He further testified that he is only able to sit, stand, or walk for

five or ten minutes before it becomes too painful, and he is not able to lift more than five pounds. [AR 22-26.] Plaintiff estimated that he could sit or be on his feet for about two to three hours in an eight-hour period. [AR 26.] As for his daily activities, Plaintiff testified that he was able to drive, do grocery shopping, and travel to doctor's appointments. [Id.]

However, Plaintiff earlier indicated in a written function report that ninety percent of his time is spent in bed. [AR 93.] He further noted that he takes care of and feeds his cat, and is able to complete chores by doing them a little at a time until done. [AR 94, 98.] Plaintiff indicated that he is not able to clean, do laundry, or cook, and he relies on friends to accomplish these tasks. [AR 95.]

Plaintiff also wrote that in order to relieve the pain, he has tried devices such as a rubber ball and a product called Spineworx, which is designed to realign the spine. [AR 22.] Plaintiff further testified that he has tried traction and physical therapy. [AR 91, 126.] Dr. Petrigliano, an examining physician, noted that Plaintiff may benefit from "epidural steroid injections or other non-operative means." [AR 130.] Plaintiff had been evaluated for surgery, and he testified that he would be willing to try more aggressive treatment. [AR 24, 154, 161, 268.] However, the record also indicates that Plaintiff had refused both surgery and injections. [AR 158.]

Evidence of Plaintiff's functional capacity included the findings of Dr. Petrigliano, who determined that Plaintiff should be limited in his ability to bend forward, but can sit and stand for six hours in an eight hour day. [AR 128-30.] He also found that Plaintiff can lift and carry twenty-five pounds occasionally and ten pounds frequently. [AR 130.] Consistent with this opinion, a state agency review

physician concluded that Plaintiff could sit or stand for six hours in an eight hour day. [AR 214.]

**The Commissioner's Finding**

The ALJ declined to give weight to Plaintiff's pain testimony because, among other things, it was inconsistent with the objective medical findings and the record as a whole. [AR 13.] The ALJ found that Plaintiff's asserted restrictions were inconsistent with objective evidence from the record. Such evidence included the findings of Dr. Petrigliano and Plaintiff's statement of ability to perform certain daily activities; the ALJ also cited the lack of evidence to support Plaintiff's assertion that he needs to spend most of the day laying down and his failure to seek pain treatment. [AR 13, 14.] Furthermore, the ALJ noted that Plaintiff appeared healthy at the hearing and seemed to be exaggerating his symptoms.[2] [AR 14.]

**Plaintiff's Claim**

Plaintiff asserts that the ALJ did not provide any legally sufficient reasons for rejecting Plaintiff's pain testimony. Specifically, Plaintiff asserts that an ability to perform certain activities does not preclude a disability finding, and that the ALJ erred in failing to note how Plaintiff's daily activities could translate to the performance of gainful work activity. Plaintiff further alleges that the ALJ erred in considering Plaintiff's

---

[2] The ALJ also found that Plaintiff was vague regarding his past work experiences because he initially reported that he last worked as a handyman in 2000 but later stated that he last worked in construction in 2001. [AR 14.] However, at the administrative hearing, Plaintiff stated that within the construction business, he worked as a "parking lot estimator and just general handyman." [AR 20.] Plaintiff was not necessarily vague in using the terms handyman and construction worker, but merely using different levels of specificity regarding his prior work. Accordingly, this did not provide a convincing reason to discredit Plaintiff's testimony.

appearance at the hearing as a factor in his credibility. Defendant contends that the ALJ provided legally sufficient reasons for rejecting Plaintiff's testimony in light of the record. Specifically, Defendant notes that the ALJ's decision was proper because Plaintiff failed to receive adequate pain treatment, Plaintiff was able to engage in daily activities which contradicted the alleged severity of the pain, and Plaintiff's testimony was inconsistent with medical evidence in the record.

**Discussion**

An ALJ is required to make a specific finding regarding the believability of the claimant, and whether the ALJ finds his description of his symptoms, such as pain, to be credible. Whenever an ALJ's disbelief of a claimant's testimony is a critical factor in a decision to deny benefits, the ALJ must make explicit credibility findings. Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991)(en banc). Unless there is affirmative evidence showing that the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." Valentine v. Comm'r, 574 F.3d 685, 693 (9th Cir. 2009). To determine whether plaintiff's testimony regarding the severity of his symptoms is credible, the ALJ may consider, among other things, the following evidence: (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for truthfulness, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities. Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996); see also Thomas v. Barnhart, 278 F.3d 947, 958-59

(9th Cir. 2002); Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989) (daily activities may be reason to discredit excess pain allegation if claimant is able to spend a substantial part of the day performing activities that are transferable to a work setting).

First, Plaintiff's documented refusal of treatment methods designed to relieve his back pain reasonably supports the ALJ's conclusion that Plaintiff's testimony is not entitled to substantial weight. Despite being made aware of potential pain relieving methods such as surgery, injections, and other non-operative treatments, Plaintiff failed to try any of these options. The record indicates that even minimally invasive treatments were recommended to provide relief to Plaintiff's alleged pain; however, his failure to seek such relief gives rise to the inference that the pain is not as severe as he alleges. See Fair v. Bowen, 885 F.2d at 604 (holding that the ALJ permissibly considered discrepancies between the claimant's allegations of "persistent and increasingly severe pain" and the nature and extent of treatment obtained).

The ALJ's conclusion is also supported by inconsistencies in the record between Plaintiff's hearing testimony and function report statements regarding his daily activities: Plaintiff testified that he was able to complete house duties, drive, and run errands, such as going to the doctor's office or grocery store, but he earlier claimed that he spends ninety percent of the day in bed and has friends do his chores. Such inconsistencies raise an issue of credibility. See Turner v. Comm'r of Soc. Sec., 613 F.3d 1217, 1225 (9th Cir. 2010) (holding that plaintiff was not credible based on daily activities which contradicted the alleged intensity and persistence of the plaintiff's physical impairments); Berry v. Astrue, 622 F.3d 1228,

1234-35 (9th Cir. 2010) (credibility was undermined by self-reported activities which suggested a greater functional capacity than was claimed in other testimony); Morgan v. Comm'r of Soc. Sec., 169 F.3d 595, 600 (9th Cir. 1999)(holding that contradictions between reported activities and asserted limitations creates an issue of credibility).

Additionally, Plaintiff's testimony regarding his pain, functional limitations, and daily activities is inconsistent with objective medical evidence, particularly the opinions of Dr. Petrigliano and the state agency review physician. See Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005)("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis."); Bunnell v. Sullivan, 947 F.2d at 347 (although ALJ may not reject a claimant's subjective complaints based solely on a lack of corroborating medical evidence, the ALJ is not prohibited from considering the presence or absence of objective evidence corroborating the alleged severity of a claimant's subjective complaints).

Finally, the ALJ's observations regarding the Plaintiff's appearance at the hearing were relevant as an "ordinary technique of credibility evaluation." Thomas v. Barnhart, 278 F.3d 947, 960 (9th Cir. 2002); see also Verduzco v. Apfel, 188 F.3d 1087, 1090 (9th Cir. 1999)(holding that the ALJ's reliance on his observations of the Plaintiff at the hearing was proper because Plaintiff's appearance was inconsistent with medical evidence and other symptoms).

Consistent with Plaintiff's apparent assertions, none of these reasons, in isolation, may have been legally sufficient to support the ALJ's credibility determination. [JS 8, 9, 11.] However, considering

the ALJ's stated reasons in totality, the decision is supported by substantial evidence in the record as a whole. See Johnson v. Shalala, 60 F.3d at 1428, 1433 (9th Cir. 1995). Under these circumstances, the Commissioner's decision should be affirmed.

## VI. ORDERS

Accordingly, **IT IS ORDERED** that:

1. The decision of the Commissioner is **AFFIRMED.**

2. This action is **DISMISSED WITH PREJUDICE.**

3. The Clerk of the Court shall serve this Decision and Order and the Judgment herein on all parties or counsel.

DATED: February 25, 2011



CARLA M. WOEHRLE
United States Magistrate Judge